MARTIN v. DISTRICT OF COLUMBIA.

BRANDENBURG v. SAME.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

Nos. 190, 191.    Argued January 29, 1907.—Decided March 11, 1907.

Constitutional rights like others are matters of degree and a street opening statute which has stood for a long time will not be declared unconstitutional as taking property without compensation because in a particular instance the amount assessed under the strict letter of the statute exceeded the value of the property, but the statute should be so interpreted, as is possible in this case, so that the apportionment of damages be limited to the benefit.

THE facts are stated in the opinion.

*Mr. E. C. Brandenburg* and *Mr. George E. Sullivan,* with whom *Mr. Clarence A. Brandenburg* was on the brief, for plaintiffs in error:

Giving the most liberal construction possible to the law and the acts thereunder it is certainly true that to sustain an assessment on the theory of benefits, there must be an actual finding by the jury that the property assessed is in fact benefited to the extent of the assessment.

In this case the jury found the damages, but made no finding as to benefits. They merely returned that they apportioned the amount of the damages without any suggestion, in fact not a single word, about *benefits.* As they did not make any finding of benefits, and would not, the proceedings are incurably defective.

In this case the assessment for alleged benefits was twice the amount per foot, of the value of the land, and twice the value of the entire land assessed. The jury finds the value of

the land taken, which was part of the lots taken, the frontage in fact, to be worth 25 cents per foot, and allowed for the portion taken at that rate. The lots remaining were 40 feet front by a depth of 60 feet, and contained 2,400 square feet of ground. The value, on the basis of the finding of the jury itself, was $600. The tax against the property was $1,200, or exactly twice the value of the land. The assessment per foot as made by the jury was 50 cents, or twice the amount allowed as the value per foot for the property taken. Is that reasonable or can it possibly be valid? As said by the Supreme Court, if the assessment exceeds the value of the land assessed, a different question arises, which means, if it means anything, that such an assessment is invalid.

But the petition goes farther, and in good faith expressly avers, and it is not denied, that with the alleged improvements added, that is to say, after the opening of the street, the lots plus the alleged benefits from the opening of the street with local improvements are worth less than the amount assessed as a tax against the property.

*Mr. Francis H. Stephens,* with whom *Mr. E. H. Thomas* was on the brief, for defendant in error:

A determination by Congress or by the legislature of a State of the area to be benefited by certain improvements, and the assessment to be laid upon that area, is properly within the function of Congress or the legislature, and cannot be disputed at this late day. Land may be taken for a highway and the cost of the improvement assessed against the property benefited. *Shoemaker* v. *United States,* 147 U. S. 283; *Bauman* v. *Ross,* 167 U. S. 548; *Williams* v. *Eggleston,* 170 U. S. 304, 311.

The only case cited by plaintiff in error is *Norwood* v. *Baker,* 172 U. S. 269. That case stands alone upon the peculiar facts disclosed therein, and is not to be broadly cited as laying down any new doctrine for the application of special assessment principles. The Court of Appeals in attempting to fol-

low that decision, declared a great part of the act for the street extensions to be unconstitutional, and that decision was reversed here, thus showing that this court did not intend to enunciate any new principle in the law relating to special assessments. *Wight* v. *Davidson*, 181 U. S. 900.

Plaintiff in error claims that the assessment exceeded the value of the land, and cites the assessment records to prove this. It is well known that the assessments are far below the real value of the property, below that for what it is usually sold even at auction sales. Moreover, the plaintiff leaves out of the argument the difference between these lots, as fronting on an alley and not available for building purposes, and their value as fronting on a street and capable of being used for the erection of dwellings. Congress has expressly provided in some of the acts passed for condemnation purposes that the jury shall assess the damages for the land taken as of the present value of the land taken, as in the present law, § 4 (Code, § 1608-h), and assess the benefits as of the value of the land as enhanced by the opening of the street or alley. It is obvious, in the present case, that the opening of the street more than doubled the value of the property. The figures cited by the plaintiff prove nothing whatever.

Plaintiff in error attempts to demonstrate, by the assessed values, not by the market values, what the benefits actually were. The jury, however, were the judges of what benefits were received, and they were bound neither by the assessments of record nor by the estimates of the plaintiff. The apportionment was a matter left to their discretion and it is not to be set aside because the plaintiff thinks he has been harshly treated. It is a question of judgment and discretion and not one of mathematics.

Mr. Justice Holmes delivered the opinion of the court.

These are writs of certiorari to test the validity of assessments for the widening of an alley in Washington under the

act of Congress of July 22, 1892, c. 230, 27 Stat. 255, as amended
by the act of August 24, 1894, c. 328, 28 Stat. 501. The writs
were quashed by the Supreme Court of the District and the
judgments affirmed by the Court of Appeals. 26 App. D. C.
140, 146. The principal case is that of Brandenburg, the
owner of land taken for the widening. That of Martin raises
questions as to the rights of a mortgagee of the same land.
The main issue is upon the constitutionality of the act. The
statute authorizes the Commissioners of the District to con-
demn, open, widen, etc., alleys upon the presentation to them
of a plat of the same accompanied by a petition of the owners
of more than one-half of the real estate in the square in which
such alley is sought to be opened, etc., or in certain other cases.
After prescribed preliminaries the Commissioners are to apply
to the marshal of the District to empanel a jury of twelve
disinterested citizens, and the marshal is to empanel them,
first giving ten days' notice to each proprietor of land in the
square. The jury is to appraise the damages to real estate
and also is to "apportion an amount equal to the amount of
said damages so ascertained and appraised as aforesaid,"
including fixed pay for the marshal and jury, "according as
each lot or part of lot of land in such square may be benefited
by the opening, widening, extending or straightening such
alley," with certain deductions. The amendment authorizes
the Commissioners to open minor streets, to run through a
square, etc., whenever in the judgment of said Commissioners
the public interests require it.

The law is not a legislative adjudication concerning a particu-
lar place and a particular plan like the one before the court in
Wight v. Davidson, 181 U. S. 371. It is a general prospective
law. The charges in all cases are to be apportioned within
the limited taxing district of a square, and therefore it well
may happen, it is argued, that they exceed the benefit conferred,
in some case of which Congress never thought and upon which
it could not have passed. The present is said to be a flagrant
instance of that sort. If this be true, perhaps the objection

to the act would not be disposed of by the decision in *Louisville & Nashville R. R. Co.* v. *Barber Asphalt Paving Co.*, 197 U. S. 430. That case dealt with the same objection, to be sure, in point of form, but a very different one in point of substance. The assessment in question there was an assessment for grading and paving, and it was pointed out that a legislature would be warranted in assuming that grading and paving streets in a good sized city commonly would benefit adjoining land more than it would cost. The chance of the cost being greater than the benefit is slight, and the excess, if any, would be small. These and other considerations were thought to outweigh a merely logical or mathematical possibility on the other side, and to warrant sustaining an old and familiar method of taxation. It was emphasized that there should not be extracted from the very general language of the Fourteenth Amendment, a system of delusive exactness and merely logical form.

But when the chance of the cost exceeding the benefit grows large and the amount of the not improbable excess is great, it may not follow that the case last cited will be a precedent. Constitutional rights like others are matters of degree. To illustrate: Under the police power, in its strict sense, a certain limit might be set to the height of buildings without compensation; but to make that limit five feet would require compensation and a taking by eminent domain. So it well might be that a form of assessment that would be valid for paving would not be valid for the more serious expenses involved in the taking of land. Such a distinction was relied on in *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 344, to reconcile the decision in that case with *Norwood* v. *Baker*, 172 U. S. 269.

And yet it is evident that the act of Congress under consideration is very like earlier acts that have been sustained. That passed upon in *Wight* v. *Davidson*, it is true, dealt with a special tract, and so required the hypothesis of a legislative determination as to the amount of benefit conferred. But the real ground of the decision is shown by the citation (181 U. S. 378, 379), of *Bauman* v. *Ross*, 167 U. S. 548, when the

same principle was sustained in a general law. 167 U. S. 589, 590. It is true again that in *Bauman* v. *Ross* the land benefited was to be ascertained by the jury instead of being limited by the statute to a square; but it was none the less possible that the sum charged might exceed the gain. As only half the cost was charged in that case it may be that on the practical·distinction to which we have adverted in connection with *Louisvilu & Nashville R. R. Co.* v. *Barber Asphalt Paving Co.*, the danger of such an excess was so little that it might be neglected, but the decision was not put on that ground.

In view of the decisions to which we have referred it would be unfortunate if the present act should be declared unconstitutional after it has stood so long. We think that without a violent construction of the statute it may be read in such a way as not to raise the difficult question with which we have been concerned. It is true that the jury is to apportion an amount equal to the amount of the damage ascertained, but it is to apportion it "according as each lot or part of lot of land in such square may be benefited by the opening, etc." Very likely it was thought that in general, having regard to the shortness of the alleys, the benefits would be greater than the cost. But the words quoted permit, if they do not require, the interpretation that in any event the apportionment is to be limited to the benefit, and if it is so limited all serious doubt as to the validity of the statute disappears.

It is clear, however, from the petitions and the returns that the jury did not administer the statute in the way in which we have determined that it should be read. About one-fifth of each lot was taken, and was valued at $92 and $75 respectively. That would give a value of $368 and $300, at the most, to the remaining portions, before the improvement was made. These lots were assessed $650 less said $92, or $558, and $550 less said $75, or $475. It is most improbable that the widening of an alley could have nearly·trebled the value of each lot. We think it apparent, as was assumed by the Court of Appeals,

that the jury understood their duty to be to divide the whole cost among the landowners, whether the benefit was equal to their share of the cost or not. It must be admitted that the language of the statute more or less lent itself to that understanding. There is nothing in the record sufficient to show that the jury took a different view, or that they limited the assessment to the benefit actually conferred on these lots. For this reason the assessment must be quashed; and it will not be necessary to consider the special objections of the mortgagee.

*Judgments reversed.*

Mr. Justice Harlan, Mr. Justice White and Mr. Justice McKenna concur in the judgment.