## HENDERSON *v.* MACFARLAND.

---

STATUTES; EMINENT DOMAIN; ASSESSMENT FOR DAMAGES AND BENEFITS; TAXATION; CONSTITUTIONAL LAW; INSTRUCTIONS TO JURY; OBJECTIONS AND EXCEPTIONS.

1. In construing an act of Congress, every reasonable intendment will be

indulged in favor of a construction that is in conformity with the
provisions of the Federal Constitution.

2. The act of Congress of January 22, 1907 (34 Stat. at L. 856, chap. 389),
for the extension of Harvard street in the District of Columbia, and
providing for the assessment of damages and benefits against the
land condemned, is not a general prospective law, but is a legislative
adjudication concerning a particular place.

3. Congress, in the exercise of the right of taxation,—to which the act of
Congress of January 22, 1907, supra, is to be ascribed,—has the
authority to direct that the whole, or such part as it may prescribe,
of the expense of a public improvement, such as the establishing, the
widening, the grading, or the repairing of a street, shall be assessed
upon the owners of land benefited thereby.

4. An act of Congress providing for the condemnation of land for the ex-
tension of a street in the District of Columbia, and providing that
the total amount of damages assessed in favor of the property own-
ers whose land is taken, together with the cost of the proceedings,
shall be assessed by the jury as benefits, is an adjudication by Con-
gress of the necessity for the extension of the street, and of the
benefits accruing to the adjacent lots by such extension, and, in the
absence of any evidence that it is substantially inequitable, it will
not be inquired into by the court.   (Construing act of Congress of
January 22, 1907, 34 Stat. at L. 856, chap. 389, for the extension of
Harvard street in the District of Columbia.)

5. An instruction to a jury in a proceeding to condemn land for street
extension purposes, that they should not assess benefits arbitrarily,
but only "where they honestly believe property will be benefited
specially by its improvement," is a correct instruction.

6. A general exception to instructions to the jury by the court in a pro-
ceeding to condemn land for street extension purposes will not be
considered on appeal.   (Following *W. T. Walker Furniture Co.* v.
*Dyson,* 32 App. D. C. 90.)

7. The amount of benefits which an improvement such as the extension of
a street will confer upon particular land, or whether it is a benefit at
all, is a matter of forecast and estimate; and, in its general aspects,
at least, it is peculiarly a thing to be decided by the legislature pro-
viding for the improvement.

8. A statute is not invalid because it provides for a jury of less than twelve
to assess damages and benefits in a proceeding to condemn land for
street extension purposes.

9. It is competent for Congress to provide that benefits shall be assessed
in lieu of compensation for damages, if it does not appear that in-
justice has resulted.

No. 1923.   Submitted January 6, 1909.   Decided May 4, 1909.

HEARING on an appeal by a property owner from a judgment of the Supreme Court of the District of Columbia, sitting as a District Court, overruling his exceptions in a proceeding to condemn land for street extension purposes, and confirming an award of a jury as to damages and benefits.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the judgment of the supreme court of the District of Columbia, sitting as a district court, overruling the exceptions of appellant, John B. Henderson, and confirming the award of the jury as to damages and benefits caused by the extension of Harvard street.

The proceeding was instituted under "An Act for the Extension of Harvard Street, Columbia Heights, District of Columbia," approved January 22, 1907 (34 Stat. at L. 856, chap. 389). The act is in three sections and reads as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That, under and in accordance with the provisions of sections four hundred and ninety-one *a* to four hundred and ninety-one *n,* both inclusive, of subchapter one of chapter fifteen of the Code of Law for the District of Columbia, within sixty days after the passage of this act the Commissioners of the District of Columbia be, and they are hereby, authorized and directed to institute in the supreme court of the District of Columbia a proceeding *in rem* to condemn the land that may be necessary for the extension of Harvard street, Columbia Heights, in a straight line, with a width of sixty feet, more or less, to Sixteenth street northwest, upon such lines as the commissioners of the District of Columbia may deem most advantageous to the abutting property.

"Sec. 2. That assessments shall be made by the jury as benefits, as contemplated in section four hundred and ninety-one *g* of the subchapter of the Code hereinbefore referred to: *Provided,* That the total amount found to be due and awarded as

damages, plus the cost and expenses of the proceedings, shall be assessed by the said jury as benefits.

"Sec. 3. That the sum of three hundred dollars, or so much thereof as may be necessary, is hereby appropriated, out of the revenues of the District of Columbia, to provide the necessary funds for the cost and expenses of the condemnation proceedings taken pursuant hereto, to be repaid to the District of Columbia from the assessment for benefits when the same are collected, and a sufficient sum to pay the amounts of all judgments and awards is hereby appropriated out of the revenues of the District of Columbia."

Section 491 *g* of the Code [34 Stat. at L. 152, chap. 2070] provides:

"That   *   *   *   such amount shall be assessed by the jury as benefits, and to the extent of such benefits against the lots, pieces, or parcels of land on each side of the street, avenue, road, or highway to be opened, extended, widened, or straightened, and against any and all other lots, pieces, or parcels of land which the jury may find will be benefited by the opening, extension, widening, or straightening;   *   *   *   and, in determining the amounts to be assessed against said lots, pieces, or parcels of land, the jury shall take into consideration the respective situations, and topographical conditions of said lots, pieces, or parcels of land, and the benefits and advantages they may severally receive from the opening, extension, widening, or straightening of the street, avenue, road, or highway."

All the proceedings taken were in conformity with the requirements of the act.

The court instructed the jury:

(1) To find the present fair market value of the property to be taken or condemned.

(2) As to the weight to be given to the opinion of witnesses.

(3) "After ascertaining the amount of damages to be awarded the owners of the property taken, they shall then proceed to assess and apportion the full amount of such damages and the costs of these proceedings upon any property situated in the District of Columbia, which they find will be especially bene-

fited by the opening and extension of said street, provided they find actual benefits to that amount. General benefits accruing to the community at large, and not specially to any piece of property, shall not be assessed."

(4) Benefits are of two classes: special benefits are those appreciably enhancing the value of the particular tract or tracts of land affected by the proposed public work; general benefits are advantages of a general character derived by the section of the city at large, and include such benefits as affect the whole neighborhood by increasing the facility of transportion, attracting population, and the like; that only special benefits are to be considered.

(5) "The jury are instructed that it is not incumbent upon them to assess benefits arbitrarily, but they should only assess benefits where they honestly believe property will be benefited specially by this improvement."

A general exception was noted to the charge. The appellant also filed an exception to the refusal of the court to charge:

"In order to find special benefits in this case to any property, you must first find that those benefits are direct, certain, and proximate, and not such as are indirect, contingent, speculative, and remote."

The jury returned a verdict awarding the sum of $21,320.21 for all the property taken, and assessed the full amount, plus the cost of the proceedings, as benefits upon the property which it found to be specially benefited by the opening of said street.

The following exceptions and objections were filed by appellant to the confirmation of the verdict:

"1. The act of Congress under which this proceeding is instituted provides that the just compensation to be paid to this defendant shall be computed and assessed by five commissioners, improperly denominated a jury, instead of by a jury of twelve good and lawful men, duly qualified, impaneled, and accepted, as required by the Constitution of the United States; and said act is therefore unconstitutional and void.

"2. Said act further provides, or assumes to provide, that the lands of this defendant, herein named, and other lands of

this defendant, shall be assessed for benefits accruing to him by reason of the opening of said street, and that 'the total amount found to be due and awarded as damages, plus the cost and expenses of the proceedings, shall be assessed by the said jury as benefits.' And this defendant therefore says that said act is in form and intent a legislative deprivation of his property and rights without due process of law, and contrary to and unauthorized by the Constitution of the United States.

"3. And 'this defendant further says that the taking of his property for public use, as proposed in this proceeding, is in violation of the 5th Amendment of the Constitution of the United States in that it is proposed in said proceeding to take and condemn to public use the lands of this defendant without that full and just money compensation contemplated and required by the said Constitution; but, in lieu of such just compensation, the compensation to be paid to this defendant, and other defendants herein, has been assessed against himself and others similarly situated, upon other and separate and distinct lots and lands belonging to them, thereby seeking to discharge a legal obligation of the debtor by money first collected, extorted, and abstracted from the creditor without that due process of law required by the Constitution of the United States."

*Mr. Walter D. Davidge* and *Mr. F. W. McReynolds* for the appellant.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for appellees.

Mr. Justice Robb delivered the opinion of the Court:

This general subject has received such exhaustive treatment by the Supreme Court of the United States that we do not deem it necessary to do more in this case than attempt to apply the rules announced by that court. The record contains none of the evidence upon which the jury based its findings, and there is no special averment that the damages awarded were too

low, or that the assessments or damages were too high. The appellant relies entirely upon the language of the act for his argument that it is unconstitutional. It is a cardinal rule that, in interpreting an act of Congress, every reasonable intendment should be indulged in favor of a construction that is in harmony with the provisions of the Constitution. This is not a general prospective law, such as was considered in *Martin* v. *District of Columbia,* 205 U. S. 135, 51 L. ed. 743, 27 Sup. Ct. Rep. 440, but, on the contrary, is a legislative adjudication concerning a particular place. It appears to be settled law that Congress, in the exercise of the right of taxation, to which right this legislation is to be ascribed, has the authority to direct the whole, or such part as it may prescribe, of the expense of a public improvement, such as the establishing, the widening, the grading, or the repairing of a street, to be assessed upon the owners of lands benefited thereby. *Willard* v. *Presbury,* 14 Wall. 676, 20 L. ed. 719; *Mattingly* v. *District of Columbia,* 97 U. S. 687, 24 L. ed. 1098; *Shoemaker* v. *United States,* 147 U. S. 282, 37 L. ed. 170, 13 Sup. Ct. Rep. 361; *Bauman* v. *Ross,* 167 U. S. 589, 42 L. ed. 288, 17 Sup. Ct. Rep. 966; *Wight* v. *Davidson,* 181 U. S. 371, 45 L. ed. 900, 21 Sup. Ct. Rep. 616.

In *French* v. *Barber Asphalt Paving Co.* 181 U. S. 343, 45 L. ed. 889, 21 Sup. Ct. Rep. 625, the court quoted with approval from Dillon on Municipal Corporations, vol. 2, 4th ed. par. 752: "The courts are very generally agreed that the authority to require the property specially benefited to bear the expense of local improvements is a branch of the taxing power, or included within it. * * * Whether the expense of making such improvements shall be paid out of the general treasury, or be assessed upon the abutting or other property specially benefited, and, if in the latter mode, whether the assessment shall be upon all property found to be benefited, or alone upon the abutters, according to frontage or according to the area of their lots, is, according to the present weight of authority, considered to be a question of legislative expediency."

In *Bauman* v. *Ross,* supra, it was held that Congress, in the

exercise of the right of taxation in the District of Columbia, may direct that half of the amount of compensation or damages awarded to the owners of lands appropriated for a highway should be assessed and charged upon the District of Columbia, and the other half upon the lands benefited in the District, in proportion to the benefit.

In *Parsons* v. *District of Columbia,* 170 U. S. 45, 42 L. ed. 943, 18 Sup. Ct. Rep. 521, it was held that an enactment of Congress that assessments levied for laying water mains in the District of Columbia should be at the rate of $1.25 per linear front foot against all lots or lands abutting on the street, road, or alley in which the water main shall be laid was constitutional, and conclusive on the question of the necessity of the work, or of its benefit as against abutting property.

In *Wight* v. *Davidson,* supra, there was involved an act to condemn certain land for street-opening purposes in the District of Columbia, and it was provided that, of the amount found to be due and awarded as damages for and in respect of the land condemned, not less than one half thereof should be assessed by the jury in said proceedings against the pieces or parcels of ground situate and lying on each side of the extension of said streets, and also on all or any adjacent pieces or parcels of land which would be benefited by the opening of said streets. After reviewing its prior adjudications the court said: "If, then, the reasoning and conclusions of these cases are to be respected as establishing the law of the present case, it is plain that it was within the power of Congress, by the act of March 3, 1899, to order the opening and extension of the streets in question, and to direct the commissioners of the District to institute and conduct proceedings in the supreme court of the District to condemn the necessary land; and it was also competent for Congress, in said act, to provide that, of the amount found due and awarded as damages for and in respect of the land condemned for the opening of said streets, not less than one half thereof should be assessed by the jury in said proceedings against the pieces and parcels of ground situate and lying on each side of the extension of said streets, and also on all or

any adjacent pieces or parcels of land which will be benefited by the opening of said streets as provided for in the said act, and that the sums to be assessed against each lot or piece or parcel of ground should be determined and designated by the jury, and that, in determining what amount should be assessed against any particular piece or parcel of ground, the jury should take into consideration the situation of said lots and the benefits that they might severally receive from the opening of said streets."

In *Martin* v. *District of Columbia,* 205 U. S. 138, 51 L. ed. 743, 27 Sup. Ct. Rep. 440, the act under consideration was general in its scope, and required the jury to apportion an amount equal to the amount of the damages ascertained, including the fixed pay for the marshal and jury, "according as each lot or part of lot of land in such square may be benefited by the opening, widening, extending, or straightening such alley." The court said: "The law is not a legislative adjudication concerning a particular place and a particular plan, like the one before the court in Wight v. Davidson, 181 U. S. 371, 45 L. ed. 900, 21 Sup. Ct. Rep. 616. It is a general prospective law. The charges in all cases are to be apportioned within the limit taxing district of a square, and therefore it well may happen, it is argued, that they exceed the benefit conferred in some case of which Congress never thought and upon which it could not have passed. The present is said to be a flagrant instance of that sort." The court sustained the act, but reversed the judgment on the ground that the jury had not administered the act in the way it should have been read.

The act under consideration, in the light of these authorities, must be held an adjudication by Congress of the necessity for the extension of Harvard street, and of the benefits accruing to adjacent lots by such opening. Such an adjudication, in the absence of any evidence that it is substantially inequitable, will not be inquired into by the courts. In other words, in the absence of evidence to the contrary, it will be presumed that Congress, in the passage of this act, was not attempting to take property of the citizen without just compensation. It well

might happen that the arbitrary assessment of one-half the dam-
ages occasioned by the opening of a street against property in
a given area might result in as great injustice as the assessment
of all the damages occasioned by the opening of another street
against property in that locality. The trial court instructed the
jury, and we think rightfully, that it should not assess benefits
arbitrarily but only "where they honestly believe property will
be benefited specially by this improvement."

The general exception against the instructions will not be
considered. *W. T. Walker Furniture Co.* v. *Dyson,* 32 App.
D. C. 90; *McDermott* v. *Severe,* 202 U. S. 600, 50 L. ed. 1162,
26 Sup. Ct. Rep. 709. The charge as given was as favorable to
appellant as he had a right to expect, for "the amount of benefit
which an improvement will confer upon particular land, in-
deed, whether it is a benefit at all, is a matter of forecast and
estimate. In its general aspects, at least, it is peculiarly a thing
to be decided by those who make the law." *Louisville & N. R.
Co.* v. *Barber Asphalt Paving Co.* 197 U. S. 433, 49 L. ed. 821,
25 Sup. Ct. Rep. 466.

We have, then, a special statute regularly administered, and
no evidence that appellant's property has been taken from him
arbitrarily. On the contrary, it must be presumed that the jury
followed the instructions of the court, and assessed only actual
benefits. If the evidence showed clearly that a substantial in-
justice had been done appellant, a different case would be pre-
sented. In the absence of such a showing we have no hesitancy,
in the light of the foregoing adjudications by the Supreme
Court of the United States, in sustaining the act.

The objection to the assessment of benefits by a jury com-
posed of less than twelve persons is without merit. In *Bauman*
v. *Ross,* 167 U. S. 592, 42 L. ed. 289, 17 Sup. Ct. Rep. 966,
Mr. Justice Gray said: "Some confusion has perhaps arisen
from designating the tribunal of seven men, which is to esti-
mate the damages and to assess the benefits, as 'a jury,' when it
is in truth an inquest or commission, appointed by the court
under authority of the act of Congress, and differing from an
ordinary jury in consisting of less than twelve persons, and in

not being required to act with unanimity. *American Pub. Co.* v. *Fisher,* 166 U. S. 464, 41 L. ed. 1079, 17 Sup. Ct. Rep. 618; *Springville* v. *Thomas,* 166 U. S. 707, 41 L. ed. 1172, 17 Sup. Ct. Rep. 725.

Neither is there any merit in the contention that it is not competent for Congress to provide that benefits shall be assessed in lieu of compensation for damages when, as in this case, it does not appear that injustice has resulted. *Bauman* v. *Ross,* 167 U. S. 548, 42 L. ed. 270, 17 Sup. Ct. Rep. 966.

Whether such a law constitutes the most equitable exercise of the taxing power is not for us to decide. That question properly belongs to the legislative branch of the government.

The judgment is affirmed, with costs. *Affirmed.*