# MACFARLAND v. UMHAU.

---

EMINENT DOMAIN; CONDEMNATION OF LANDS; MUNICIPAL CORPORATIONS; STATUTES; DAMAGES AND BENEFITS.

1. In the proceedings to condemn land under the act of Congress of March 3, 1899 (30 Stat. at L. 1380, chap. 461), for the widening of Sherman avenue, the filing of exceptions to the award of the jury, by some of the property owners, which exceptions were thereafter sustained by

this court, did not have the effect of vacating the entire award, and take away the jurisdiction of the lower court to confirm it as to those who filed no exceptions. (Following *Buchanan* v. *Macfarland,* 31 App. D. C. 6, and *Briscoe* v. *Macfarland,* 32 App. D. C. 167.) And as to those property owners who did not except to the award, it was not necessary for the municipal authorities to apply for a reassessment under the act of June 29, 1906 (34 Stat. at L. 630, chap. 3623), as that act only provided for a reassessment in case of any assessment that "has been or may be vacated by reason of objections filed thereto."

2. Statutes providing for the extension and improvement of streets and highways, and the assessment of damages and benefits against adjoining property, are to be referred, not to the right of eminent domain, but to the right of taxation; and in the exercise of the taxing power, the legislature has the authority to direct that a part or the whole of the expense of a public improvement shall be assessed upon the lands declared to be benefited thereby, within such limits and according to such rule of measurements as the legislature may in its discretion prescribe.

3. The act of Congress of March 3, 1899 (30 Stat. at L. 1380, chap. 461), providing for the condemnation of land for the widening of Sherman avenue, and requiring the assessment of one half of the damages for the land taken upon the abutting lands to the distance of 300 feet from each line of the avenue, is constitutional. (Citing *Davidson* v. *Wight,* 16 App. D. C. 371.)

No. 2010. Submitted November 4, 1909. Decided November 30, 1909.

HEARING on an appeal by the defendants, the Commissioners of the District of Columbia, from a decree of the Supreme Court of the District of Columbia enjoining a tax sale of land assessed for special improvements. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the commissioners of the District of Columbia from an order of the supreme court of the District enjoining a sale of land under a lien for special assessments. The bill of Christian F. Umhau, filed March 8th, 1909, alleges the following facts substantially: That he is the owner

of lots 142 and 143 of Wright and Doles subdivision of Square 2882, abutting on Sherman avenue in the city of Washington. That the act of Congress approved March 3, 1899, authorized the widening of Sherman avenue from Florida avenue to Whitney avenue, to a uniform width of 100 feet, and provided for proceedings to be begun by the District commissioners for that purpose, in the supreme court of the District of Columbia. That said act provided not less than one half of the damages for land taken shall be assessed against those parcels of land abutting on both sides of said avenue, to a distance of 300 feet from the building lines of said avenue as widened and extended. That said proceeding was begun May 31, 1899, and a jury of seven impaneled, as provided by law, to assess the damages incurred, and apportion the assessment of one half thereof on the property situated as aforesaid. That said jury returned a verdict assessing said damages, and apportioning one half thereof, namely $77,293.50, as charges against the abutting property aforesaid. That the said jury apportioned to and against said lot 142 the sum of $450, and to lot 143 the sum of $430. That said apportionments and assessments are greatly in excess of any benefits accruing to said lots by the extension and widening of said avenue, or that can accrue therefrom. That said jury did not undertake to assess benefits upon the lots adjacent to said avenue to the extent that they would be benefited by said improvement, but simply apportioned the one half of the damages among the lots situated within the area aforesaid. That, on the return of said verdict, many owners of lands so assessed filed exceptions to the same, on the ground that said assessments were unreasonable, unjust, and grossly in excess of any benefits likely to accrue from said improvement. That the legal effect of said exceptions under the law was to oust the court of all jurisdiction to proceed further, except by summoning another jury to reassess said damages and benefits. That, notwithstanding, the court overruled said exceptions and passed an order confirming said verdict in every particular. That from this order several of the excepting parties took an appeal to the court of appeals, which reversed the same and remanded the

cause, that proceedings may be had before a new jury of twelve men as directed by the statute. That complainant is advised that said order of reversal was mandatory in the event that the commissioners desired to proceed further. That after said decision the commissioners took no action looking to the summoning of a jury of twelve, but procured from Congress the enactment of a statute approved June 29th, 1906, providing for reassessment of benefits under the former statute. That said act provided that the assessment of benefits shall be against the said abutting lots and also against any and all lands that will be benefited by said improvement, as the jury may find the same will be benefited. That pursuant to said act, the commissioners are proceeding in said original cause, for the purpose of procuring such reassessment. That complainant is advised that no lawful reassessment can be made under said act of June 29, 1906, because there has been no original or other assessment for benefits against said property. That complainant is further advised, and so charges, that it would be unjust and inequitable to burden his property with the said assessment of $450 and $430 respectively, without any regard to benefits received, and to exact only of the property of those who excepted to said confirmation such actual benefits as were received. That said act of March 3, 1899, is unconstitutional, for that it seeks to impose the burden of at least one half of the cost and the damage, without regard to the actual benefits that the property may receive. That after the verdict of said jury of seven had been confirmed, October 2, 1901, a copy of said verdict was certified to the District assessor, and the several assessments were entered upon his books as taxes against said lands. That the act of March 3, 1899, provides that the assessments shall not operate as a tax until confirmed by the court, and the same have not been confirmed except by said order of October 2, 1901, which said order was vacated by said decision of the court of appeals. That realizing that said assessments were not collectable as taxes without confirmation, and that the court would have no power to confirm said verdict in part without enabling legislation, the commissioners procured from Congress the insertion of a provision in·

the said act of June 29, 1906, authorizing the said court to finally confirm the verdict and award that had been returned into said court as to such property, on behalf of which no objections had been filed. That no order has since been passed by said court confirming said verdict as authorized. That, although said verdict had not been confirmed, the said commissioners have advertised complainant's said lots for sale on March 9, 1909, because of the nonpayment of said assessments for the entire amount of each, with interest from December 2, 1901. That said alleged assessments as they appear on the tax rolls aforesaid cast a cloud upon complainant's title, which is increased by said advertisements for sale, and will further injure him if said sales be made as advertised and conveyances thereunder to purchasers. That the invalidity of such assessments does not appear on the face of said tax records, and a conveyance on a sale thereunder would, by the terms of the law, be prima facie evidence of the regularity of said sales and all antecedent proceedings in connection with said assessments.

The prayers of the bill are that the said sale be enjoined, that the assessments be vacated, and that the defendants shall cancel the same as they stand on the tax records, and be enjoined from referring to the same in any tax certificate to be hereafter issued by them.

On the same day the court issued an order restraining said sale until further order to be made after hearing fixed for March 12, 1909.

The commissioners answered the bill under oath on March 12, 1909, in obedience to the notice served on them. They admit generally the allegations of the bill as regards the proceeding begun under the act of March 3, 1899, and recite the provision of said act to the effect that "in determining what amount shall be assessed against any particular piece or parcel of ground, the jury shall take into consideration the situation of said lots and the benefits that they may receive from the extension of said avenue." [30 Stat. at L. 1382, chap. 461.] They allege that the jury did not arbitrarily apportion the said sums for benefits

as alleged, but found that the complainant's property was benefited as set forth.

That the jury also assessed the damages sustained by complainant for such of his land as was taken, in the sum of $958, ·which said sum was afterwards paid to complainant, who gave his receipt therefor, by which action they are advised, and so charge, that complainant has acquiesced in said verdict and is estopped to attack the same. That said verdict was returned May 9, 1900, and confirmed on October 2, 1901. That they are advised, and so charge, that, notwithstanding the proceedings by property owners excepting to said verdict and its confirmation, the court had jurisdiction to confirm said verdict, and its order is binding upon the complainant, who took no appeal therefrom. That said order was reversed by the court of appeals as to the appellants therefrom, and the same stands unreversed as to all others, including complainant. That they admit the entry of said assessments, after confirmation on the tax rolls, and the proceedings for the sale of the property of complainant. They admit that no order of confirmation has been passed since the passage of the act of June 29th, 1906, but allege that the same was not necessary because of the previous confirmation of the same. On March 26, 1909, the court, on hearing on bill and answer, granted an injunction restraining said sale until the final hearing of the cause.

From this order the appeal has been prosecuted.

*Mr. Edward H. Thomas,* Corporation Counsel, for the appellants.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The order confirming the verdict in the original proceeding for the assessment of the damages and benefits accruing

from the improvement of Sherman avenue was not reversed in the case of *Brown* v. *Macfarland,* 19 App. D. C. 525, except as to the appellants therein.

The filing of exceptions to the verdict by some of the numerous parties in the condemnation proceeding did not have the effect to vacate the entire verdict, and to take away the jurisdiction of the court to confirm the same as to those who may have abandoned their exceptions, or who, like the complainant, had filed none. *Buchanan* v. *Macfarland,* 31 App. D. C. 6–19; *Briscoe* v. *Macfarland,* 32 App. D. C. 167–171. As the confirmation of the verdict on October 2, 1901, was binding upon the appellant Umhau, who presented no exception and took no appeal, there was no occasion for a reassessment of the benefits of the property, under the act of June 29th, 1906. That act only provided for a reassessment in case of an assessment that "has been or may be vacated by reason of objections filed thereto."

For the same reason it is unnecessary to consider the effect of the appellants' receipt of the damages awarded him by the jury, after the confirmation of the verdict, as a waiver of any right that he might have had to contest the verdict and the order confirming the same.

The remaining question involved is that of the constitutionality of the act of March 3, 1899, providing for the improvement of Sherman avenue, and the assessment of benefits against the abutting property. The contention, on behalf of the appellant, is that the said act commands the assessment of one half the damages for the land taken upon the abutting lands to the distance of 300 feet from each line of the avenue, without any regard to the actual benefits received thereby, and to that extent amounts to the taking of private property for public use without compensation.

In support of this contention, reliance is had upon the allegations of the bill that sums assessed against complainant's lots are far in excess of any benefit received, or expected to be received, and that the jury assessed the same as complainant's

proportion, merely, of the entire sum directed to be paid by the landowners, irrespective of the actual benefits received.

The order directing the jury to proceed has, by stipulation of the parties, been made a part of the record. This order was that, of the amount of damages found, "not less than one half thereof shall be assessed by said jury against those pieces or parcels of ground abutting on both sides of Sherman avenue and the extension thereof."

The Supreme Court of the United States has declared that provisions of a statute like this are to be referred not to the right of eminent domain, but to the right of taxation, which is practically unlimited. *Spencer* v. *Merchant,* 125 U. S. 345–355, 31 L. ed. 763, 767, 8 Sup. Ct. Rep. 921; *Bauman* v. *Ross,* 167 U. S. 548–589, 42 L. ed. 270, 288, 17 Sup. Ct. Rep. 966.

In the first of those cases, and substantially repeated in the latter, it was said by Mr. Justice Gray: "The legislature, in the exercise of its power of taxation, has the right to direct the whole or a part of the expense of a public improvement, such as the laying out, grading, or repairing of a street, to be assessed upon the owners of lands benefited thereby, and the determination of the territorial district which should be taxed for a local improvement is within the province of legislative discretion. *Willard* v. *Presbury,* 14 Wall. 676, 20 L. ed. 719; *Davidson* v. *New Orleans,* 96 U. S. 97, 24 L. ed. 616; *Mobile County* v. *Kimball,* 102 U. S. 691, 703, 704, 26 L. ed. 238, 241, 242; *Hagar* v. *Reclamation Dist. No. 108,* 111 U. S. 701, 28 L. ed. 569, 4 Sup. Ct. Rep. 663." In addition to this it was said in *Bauman* v. *Ross,* supra, p. 590: "The rule of apportionment among the parcels of land benefited also rests within the discretion of the legislature, and may be directed to be in proportion to the position, the frontage, the area, or the market value of the lands, or in proportion to the benefits as estimated by commissioners." A later decision of the same court was regarded by many, including some of its own members, as qualifying the former decisions, and holding substantially that in any case the exactions from the owner of private property of the cost

of a public improvement in substantial excess of the special benefits accruing to him is, to the extent of such excess, a taking, under the guise of taxation, of private property for public use without compensation. *Norwood* v. *Baker,* 172 U. S. 269; 43 L. ed. 443, 19 Sup. Ct. Rep. 187. Thereafter, this court, in accordance with what it conceived to be the doctrine of *Norwood* v. *Baker,* declared unconstitutional an act of Congress providing for an assessment of the costs of a street improvement. *Davidson* v. *Wight,* 16 App. D. C. 371, 380. That act provided that not less than one half of the damages shall be assessed against the parcels of ground situated and lying on each side of the extension of said streets; and also on all or any adjacent parcels of ground which will be benefited by the opening of said streets. In construing the act, the court said: "It is true that, in the enactment in question, the legislative authority recognizes the principle that the assessment is to be made only on property benefited by the improvement, and provides that the assessment shall be made in a judicial proceeding. But it does not leave the question of special benefits to be determined in such proceedings. It arbitrarily finds for itself that the whole adjacent property subject to assessment, or intended to be assessed, will have been specially benefited to the extent, at least, of one half of the cost of the improvement; and all that is left to the jury in the judicial proceeding is, not to find the value of the special benefit to each adjacent piece of property, but to apportion at least one half of the cost, and as much more as they may think proper, between the adjacent lots. This, we think, is in direct contravention of the principle enunciated in the case of *Norwood* v. *Baker,* and cannot be supported as a valid exercise of legislative authority."

On appeal to the Supreme Court that decree was reversed. Mr. Justice Shiras, who delivered the opinion of the majority of the court, said that the court of appeals had misapprehended the doctrine of *Norwood* v. *Baker.* He also substantially repeated the language of Mr. Justice Gray, heretofore quoted, in *Spencer* v. *Merchant* and *Bauman* v. *Ross,* supra. *Wight* v. *Davidson,* 181 U. S. 371, 379, 381, 45 L. ed. 900, 904, 905, 21

Sup. Ct. Rep. 616.   See also *Parsons* v. *District of Columbia,*
170 U. S. 45, 42 L. ed. 943, 18 Sup. Ct. Rep. 521; *French*
v. *Barber Asphalt Paving Co.* 181 U. S. 324, 45 L. ed. 879,
21 Sup. Ct. Rep. 625; *Detroit* v. *Parker,* 181 U. S. 399, 45
L. ed. 917, 29 Sup. Ct. Rep. 624; *Louisville & N. R. Co.* v.
*Barber Asphalt Paving Co.* 197 U. S. 430, 433, 434, 49 L. ed.
819, 821, 25 Sup. Ct. Rep. 466.

In our judgment, the later decisions cited redeclare the doc-
trines of the earlier ones, that statutes of the kind under con-
sideration are to be referred not to the right of eminent do-
main, but to the right of taxation, and that, in the exercise
of the taxing power, the legislature has the authority to direct
that a part or the whole of the expense of a public improve-
ment shall be assessed upon the lands declared to be benefited
thereby, within such limits and according to such rule of
measurements as the legislature may in its discretion prescribe.
If we correctly apprehend the decision in the recent case of
*Martin* v. *District of Columbia,* 205 U. S. 135–138, 51 L. ed.
743, 744, 27 Sup. Ct. Rep. 440, it does not impair the general
doctrine of the previous cases.

Guided, therefore, by what we conceive to be the established
principles governing the case at bar, we are constrained, not-
withstanding the hardship that may have been imposed upon
the appellant, to hold that the court erred in granting the tem-
porary injunction.   There seems, however, to be a slight error
in the charge of interest upon the assessments from December
2, 1901, instead of from July 1, 1902, under the curative act
of that date.   *Buchanan* v. *Macfarland,* 31 App. D. C. 6–23.
This we presume will be corrected on the tax rolls before a re-
advertisement of the postponed sales.   For the reasons given,
the decree will be reversed, with costs, and the cause remanded,
with direction to dissolve the injunction, and for further pro-
ceedings in conformity with this opinion.              *Reversed.*


On December 13, 1909, a motion by the appellee for a re-
hearing was overruled.