## In re THERMIODYNE RADIO CORPORATION.

District Court, D. Delaware.   May 18, 1928.

### No. 579.

1. **Constitutional law** ⊛⇒229(1)—**State tax on foreign corporation of specified amount on no par value capital stock held lacking in equality (Const. U. S. Amend. 14; Tax Law N. Y. § 181).**

Tax on foreign corporation of specified amount on each share of no par value capital stock, imposed by Tax Law N. Y. (Consol. Laws, c. 60), § 181, *held* lacking in equality within equal protection clause of Const. U. S. Amend. 14.

2. **Constitutional law** ⊛⇒230(1)—**Corporations** ⊛⇒641—**Taxation** ⊛⇒37—**State law, prescribing license fee to be paid by foreign corporation, and imposing tax of specified amount on no par value capital stock of foreign corporation, held invalid as denial of equal protection; "citizen of the state" (Tax Law N. Y. § 181; Const. U. S. Amend. 14; art. 4, § 2; General Corporation Law N. Y. §§ 15, 16).**

Tax Law N. Y. (Consol. Laws, c. 60) § 181, prescribing license fee to be paid by foreign corporation, and authorizing tax of specified amount on no par value capital stock, *held* invalid, as denial of equal protection of laws, within Const. U. S. Amend. 14, since corporation, having complied with General Corporation Law N. Y. (Consol. Laws, c. 23), §§ 15, 16, became a "citizen of the state," within meaning of Const. U. S. art. 4, § 2, and was placed on a level with domestic corporations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Citizen.]

In Bankruptcy.   In the matter of the bankruptcy of the Thermiodyne Radio Corporation.   On application for review of an order of the referee disallowing a claim of the state of New York for a license tax.   Petition for review dismissed, and order of referee affirmed.

Albert Ottinger, Atty. Gen. of New York, and Robert P. Beyer and William Matthews, Deputy Asst. Attys. Gen., for State of New York.

James I. Boyce, of Wilmington, Del., and Ralph M. Arkush, of New York City, for trustee.

MORRIS, District Judge.   Upon this review of an order of the referee disallowing a claim of $15,000, filed by the state of New York, the sole question is the constitutionality of the statute of New York upon which the claim is based.   That statute, section 181, article 9, of the Tax Law of that state (Consol. Laws, c. 60), prescribes the "license fee" to be paid by a foreign corporation for the privilege of exercising its corporate franchises or carrying on its business in the state of New York.   Acting under this statute the state tax commission, on December 21, 1926, fixed the amount of the license fee due by the bankrupt, a Delaware corporation, at $15,000, for which the claim was filed.

The clause of the Constitution, asserted by the trustee and held by the referee to invalidate the statute, is that found in the Fourteenth Amendment, forbidding a state to "deny to any person within its jurisdiction the equal protection of the laws."   The part of the statute wherein the trustee finds more particularly the crux of the denial of equality to the bankrupt, all of whose 250,000 shares of issued capital stock is without par value, is that fixing without regard to the value of the shares or the assets represented thereby a fee of 6 cents on each such share employed in the state of New York of any corporation issuing shares without designated monetary value.   It is not disputed that all of the outstanding shares of the bankrupt were employed in that state.

[1] That a tax computed upon such basis is lacking in equality was settled by the Supreme Court, in Air-Way Corp. v. Day, 266 U. S. 71, 85, 45 S. Ct. 12, 15, 69 L. Ed. 169, where the court, considering the validity of an Ohio statute prescribing an annual fee computable in like manner and payable by each foreign corporation having stock without par value, said:

"It is clear that the mere number of authorized nonpar value shares is not a reasonable basis for the classification of foreign corporations for the purpose of determining the amount of such annual fees.   Such a classification is not based on anything having relation to the purpose for which it is made.   Southern Ry. Co. v. Greene, 216 U. S. 400, 417 [30 S. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247]; Royster Guano Co. v. Virginia, 253 U. S. 412, 415 [40 S. Ct. 560, 64 L. Ed. 989].   The act has no tendency to produce equality, and it is of such a character that there is no reasonable presumption that substantial equality will result from its application.   Martin v. District of Columbia, 205 U. S. 135, 139 [27 S. Ct. 440, 51 L. Ed. 743]; Gast Realty Co. v. Schneider Granite Co., 240 U. S. 55, 58 [36 S. Ct. 400, 60 L. Ed. 526]; Kansas City Southern Ry. Co. v. Road Improvement District, 256 U. S. 658, 660 [41 S. Ct. 604, 65 L. Ed. 1151].   The act violates the equal protection clause of the Fourteenth Amendment."

The state of New York, however, as I understand it, makes no contention that the statute is productive of equality.   On the

contrary, showing that a foreign corporation is not a citizen within the meaning of article 4, § 2, of the federal Constitution (Security Mutual Life Insurance Co. v. Prewitt, 202 U. S. 246, 26 S. Ct. 619, 50 L. Ed. 1013; National Council U. A. M. v. State Council, 203 U. S. 151, 27 S. Ct. 46, 51 L. Ed. 132; Horn Silver Mining Co. v. New York, 143 U. S. 305, 12 S. Ct. 403, 36 L. Ed. 164; Philadelphia Fire Association v. New York, 119 U. S. 110, 7 S. Ct. 108, 30 L. Ed. 342; Pembina Mining Co. v. Pennsylvania, 125 U. S. 181, 8 S. Ct. 737, 31 L. Ed. 650; Norfolk, etc., R. R. Co. v. Pennsylvania, 136 U. S. 114, 10 S. Ct. 958, 34 L. Ed. 394), and that a foreign corporation must first have come within the jurisdiction of the taxing state before it can claim the protection of the Fourteenth Amendment against discriminatory legislation (Sully v. American National Bank, 178 U. S. 289, 303, 20 S. Ct. 935, 44 L. Ed. 1072; Blake v. McClung, 172 U. S. 239, 260, 19 S. Ct. 165, 43 L. Ed. 432), it urges only that the fee here sought to be collected, being for the privilege of the bankrupt's exercising its corporate franchises in the state of New York during the first year in which its business was there carried on, is a tax made in legal contemplation against a person not "within its jurisdiction," and, consequently, not within the Fourteenth Amendment.

The line of demarcation separating foreign corporations that are without the equal protection clause from those that come within it was graphically depicted by the Supreme Court in Hanover Ins. Co. v. Harding, 272 U. S. 494, 510–517, 47 S. Ct. 179, 183 (71 L. Ed. 372, 49 A. L. R. 713), where it was said:

"In subjecting a law of the state which imposes a charge upon foreign corporations to the test whether such a charge violates the equal protection clause of the Fourteenth Amendment, a line has to be drawn between the burden imposed by the state for the license or privilege to do business in the state, and the tax burden which, having secured the right to do business, the foreign corporation must share with all the corporations and other taxpayers of the state. With respect to the admission fee, so to speak, which the foreign corporation must pay, to become a quasi citizen of the state and entitled to equal privileges with citizens of the state, the measure of the burden is in the discretion of the state, and any inequality as between the foreign corporation and the domestic corporation in that regard does not come within the inhibition of the Fourteenth Amendment; but, after its admission, the foreign corporation stands equal, and is to be classified with domestic corporations of the same kind.

"In this class of cases, therefore, the question of the application of the equal protection clause turns on the stage at which the foreign corporation is put on a level with domestic corporations, in engaging in business within the state. * * * By compliance with the valid conditions precedent, the foreign insurance company is put on a level with all other insurance companies of the same kind, domestic or foreign, within the state, and tax laws made to apply after it has been so received into the state are to be considered laws enacted for the purpose of raising revenue for the state and must conform to the equal protection clause of the Fourteenth Amendment. * * *"

[2] The validity of the statute, and so of the claim, is thus made to turn upon whether or not the statute in question prescribes conditions precedent to the admission of the foreign corporation to quasi citizenship, or applies to the foreign corporation only after all conditions precedent have been complied with and the corporation been duly received into the state. In solving this problem, section 181 of the Tax Law must be considered in connection with sections 15 and 16 of the General Corporation Law of the state of New York (Consol. Laws, c. 23). Section 15 provides:

"No foreign stock corporation other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business. * * * The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of law. No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate. * * *"

Section 16 requires:

"Before granting such certificate the secretary of state shall require every such foreign corporation to file in his office a sworn copy in the English language of its charter or certificate of incorporation and a statement under its corporate seal, and the signature of its president, vice president or other acting head, particularly setting forth the

business or objects of the corporation which it is engaged in carrying on or which it proposes to carry on within the state, and a place within the state which is to be its principal place of business, and designating a person upon whom process against the corporation may be served within the state. * * * "

The part of section 181 of the Tax Law with which we are concerned reads thus:

"Every foreign corporation * * * doing business in this state, shall pay for the use of the state, a license fee of ⅛ of 1 per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state, during the first year of carrying on its business in this state. * * * The measure of the amount of capital stock employed in this state shall be such a portion of the issued capital stock as the gross assets employed in any business within this state bear to the gross assets wherever employed in business. On the issued capital stock of any corporation issuing shares without designated monetary value such corporation shall pay for the use of the state a license fee of 6 cents on each such share employed in this state, as hereinbefore provided. For purposes of taxation, the capital of a corporation invested in the stock of another corporation shall be deemed to be assets located where the physical property represented by such stock is located. The amount of capital upon which such license fees shall be paid shall be fixed by the state tax commission, which shall have the same authority to examine the books and records in this state of such foreign corporations, and the employees thereof as it has in the case of domestic corporations, and the state tax commission shall have the same power to issue a warrant for the collection of such license fees, as now exists with regard to domestic corporations."

Prior to the passage of the last-quoted section the Court of Appeals of the state of New York, in Lancaster v. A. I. Co., 140 N. Y. 576, 35 N. E. 964, 24 L. R. A. 322 (1894), held that a foreign corporation, after filing the papers and procuring the certificate required by section 15 of the General Corporation Law, has the same right to transact business in that state as domestic corporations. That the enactment of section 181 of the Tax Act was not a legislative nullification or modification of that decision is revealed by the section itself, which makes the carrying on

of business in the state of New York a necessary prerequisite and condition precedent to the computation of the tax to be levied under that section. As held in Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, there is in the Tax Law (section 181) "a command to pay a license fee for the privilege of carrying on business in this state, but not until business has been carried on for a longer or shorter period, varying according to circumstances. * * * It cannot be paid in advance, for it must first be computed and the computation is made on the basis of the capital stock employed in this state, which cannot be known in advance."

Furthermore, the courts of the state of New York have held that compliance with the provisions of section 15 of the General Corporation Law and the procurement of the certificate required thereby, not payment of the fee under section 181 of the Tax Act, are the conditions precedent compliance with which put the foreign corporation on a level with domestic corporations. In Manufacturers' Commercial Co. v. Blitz, 131 App. Div. 17, 115 N. Y. S. 402, (1909), it was held that proof of compliance with section 15 must be made by the plaintiff in an action by a foreign corporation, whereas proof of noncompliance with section 181 of the Tax Law is a matter of defense, and must be pleaded and proved by the defendant. Halsey v. Jewett Dramatic Co., 190 N. Y. 231, 83 N. E. 25, 123 Am. St. Rep. 546, decided that the failure of a complainant in an action by a foreign corporation to allege payment of the license fee is not a demurrable defect. Other cases have gone further, and expressly decided that the provisions of section 181 of the Tax Law constitute a condition subsequent to the right of a foreign corporation to carry on business within the state while the requirements of section 15 of the General Corporation Law are conditions precedent. In fact, in Wood & Selick v. Ball, the Court of Appeals held, not only that the provisions of section 181 of the Tax Law constitute a condition subsequent, but expressly stated that the Tax Law (section 181) "is a revenue act," while the General Corporation Law (section 15) is designed "to prescribe the conditions upon which foreign stock corporations may do business in this state."

These decisions of the courts of the state of New York make it manifest, I think, that section 181 of the Tax Law of that state is of the character that the Supreme Court, in Hanover Insurance Co. v. Harding, 272 U. S. 494, 47 S. Ct. 179, 71 L. Ed. 372, 49 A. L. R. 713, held "must conform to the equal

protection clause of the Fourteenth Amendment," while Air-Way Corp. v. Day, 266 U. S. 71, 45 S. Ct. 12, 69 L. Ed. 169, makes it equally obvious that the part of the statute pertaining to nonpar stock does not so conform. As a result I see no escape from the conclusion that the statute under which the excise tax here in question was levied is unconstitutional, and the tax invalid.

For these reasons, the petition for review must be dismissed, and the order of the referee disallowing the claim must be affirmed.