## SHERMAN CLAY & CO. v. LINDMAN.

No, 3492–A.

First Division.   Juneau.
Dec. 18, 1933.

Wm. L. Paul, of Juneau, for plaintiff.

Geo. B. Grigsby, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter is before the court on defendant's demurrer to the complaint of plaintiff.

Defendant's counsel argued that the complaint is demurrable because it fails to allege that the plaintiff, a Washington corporation, had paid its annual corporation tax, as required by section 6, chapter 22, Alaska Session Laws of 1921.

The pertinent part of the section referred to reads as follows: "Section 6. No corporation, foreign or domestic, shall be permitted to commence or maintain any suit, action or proceeding, in any court in this Territory, without alleging and proving that it has paid its annual corporation tax last due."

Plaintiff argues that the statute in question was not intended to apply to plaintiff. To this we do not agree. The wording of the statute is plain and unambiguous, and, if it means anything at all, it means exactly what it says. We think, however, that the Legislature took in too much territory when it attempted to forbid all corporations, foreign and domestic, to commence or maintain any suit, action, or proceeding in any court in this territory without alleging and proving that it had paid its annual corporation tax. The corporation tax referred to by the Legislature must have been the corporation tax due the territory, as the territorial Legislature has no authority to legislate concerning any other tax, and, if this was its purpose—and we think the

. statute is subject to no other construction—the Legislature clearly exceeded its constitutional powers. In fact, we know of no authority to the contrary.

A state cannot discriminate against citizens (and corporations are citizens within the contemplation of such laws) or products of other states or deny to them recourse to its courts, in contravention of the commerce clause of the Federal Constitution (Const.U.S. art. 1, § 8, cl. 3).

As was said by Justice Van Devanter in Sioux Remedy Company v. Cope, 235 U.S. 197, loc.cit. 201, 35 S.Ct. 57, 59, 59 L.Ed. 193: "Through a long series of decisions dealing with the scope and effect of the commerce clause it has come to be well settled that a state, while possessing power to adopt reasonable measures to promote and protect the health, safety, morals, and welfare of its people, even though interstate commerce be incidentally or indirectly affected, has no power to exclude from its limits foreign corporations or others engaged in interstate commerce, or, by the imposition of conditions, to fetter their right to carry on such commerce, or to subject them in respect to their transactions therein to requirements which are unreasonable or pass beyond the bounds of suitable local protection."

The complaint here shows on its face that the transaction out of which this action arose is based on interstate commerce, and was entirely legitimate, notwithstanding the plaintiff's noncompliance with the state statute, and, like in the case above cited, after delivery of the merchandise according to the contract, the plaintiff was lawfully entitled to the purchase price or to the return of the goods according to its contract, and the territory cannot make noncompliance with the statute a ground for preventing the maintenance of an action in the courts of the territory based upon such a sale.

As was said in Western Union Telegraph Company v. Kansas ex rel. Coleman, 216 U.S. 1, 27, 30 S.Ct

190, 197, 54 L.Ed. 355: "If the statute, reasonably interpreted, either directly or by its necessary operation, burdens interstate commerce, it must be adjudged to be invalid, whatever may have been the purpose for which it was enacted, and although the company may do both interstate and local business. This court has repeatedly adjudged that in all such matters the judiciary will not regard mere forms, but will look through forms to the substance of things."

It may be conceded in a general way that a state may restrict the right of a foreign corporation to sue in its courts, but the power so to deal with such subjects, like all other state powers, can only be exerted within the limits which the Constitution of the United States places upon such action. Missouri v. Lewis, 101 U.S. 22, 25 L.Ed. 989; Blake v. McClung, 172 U.S. 239, 256, 19 S.Ct. 165, 43 L.Ed. 432; Chambers v. B. & O. R. R. Co., 207 U.S. 142–148, 28 S.Ct. 34, 52 L.Ed. 143; Southern Railway Co. v. Greene, 216 U.S. 400, 413, 30 S.Ct. 287, 54 L.Ed. 536, 17 Ann.Cas. 1247.

And, quoting again Mr. Justice Van Devanter in Sioux Remedy Company v. Cope: "We think that when a corporation goes into a state other than that of its origin to collect, according to the usual or prevailing methods, the purchase price of merchandise which it has lawfully sold therein in interstate commerce, it is there for a legitimate purpose of such commerce, and that the state cannot, consistently with the limitation arising from the commerce clause, obstruct or hamper the attainment of that purpose. If it were otherwise, the purpose of the Constitution to secure and maintain the freedom of commerce by whomsoever conducted could be largely thwarted by the states and the commerce itself seriously crippled. * * * If one state can impose such a condition others can, and in that way corporations engaged in interstate commerce can be subjected to great embarrassment and serious hazards in the enforcement of contractual rights directly arising out of and connected with such commerce."

As applied to such rights, we think the conditions imposed by the Alaska statute hereinbefore quoted are unreasonable and burdensome and therefore in conflict with the commerce clause.

It follows that the demurrer of defendant must be overruled, and it is so ordered.