OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiff moves for an order directing the entry of summary judgment on its first, second, third and fifth causes of action and dismissing the defendants’ counterclaim. Upon various theories, it challenges the constitutionality of the tax imposed pursuant to section 182 of the New York Tax Law, as such section was enacted by chapters 271 and 272 of the Laws of 1980.
Initially, plaintiff’s motion as to its third and fifth causes of action shall be denied. This court has previously decided similar cases involving Mobil Oil, Shell Oil and New England Petroleum Company, which have determined the issues raised thereby in favor of the defendant.
The plaintiff herein (Merit) is a New York corporation upon which the State Legislature has imposed a 2% gross profits tax. Its sole business is the sale at retail of gasoline *119 and diesel motor fuel to motorists, together with the ancillary sale at retail, of products such as soft drinks, candy and cigarettes. It sold more than 60,000,000 gallons of gasoline and diesel motor fuel during its applicable fiscal year.
The challenged statute defines the term “oil company” to include all companies engaged in extracting, producing, refining, manufacturing or compounding petroleum. It exempts all companies principally engaged in the sale of residential fuel oil from payment of the tax. However, for retailers such as the plaintiff, the gross profits tax applies only to those which have sold more than 60,000,000 gallons of petroleum in New York State during their preceding taxable year. For those retailers selling less, a complete exemption from the tax is granted. Plaintiff argues that this taxing scheme is arbitrary, unreasonable and violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and section 11 of article I of the New York State Constitution. Indeed, upon exceeding the 60,000,000 gallon limit, plaintiff is- not only required to pay the additional tax upon, the sale of all petroleum products (from gallon one) but upon the sale of all candy, cigarettes, chewing gum, soda, and any other products which they may have sold during the fiscal year, as an adjunct to their operation as a service station.
EQUAL PROTECTION ARGUMENT
The Legislature in enacting a taxing statute such as the one at bar may permissibly treat different classes of taxpayers differently for tax purposes. (Southern Ry. Co. v Greene, 216 US 400.) Thus, the statute may properly tax the class of corporations engaged in the business of extracting, producing, refining, manufacturing or compounding petroleum as a separate entity. Its exemption for all corporations engaged in the selling of residential fuel oil was also permissible as treating members of a class similarly. However, it chose to treat members within the class of retailers differently by granting a complete exemption to those with sales under 60,000,000 gallons of gasoline while assessing the 2% gross profits tax on all sales of those corporations selling more than this amount.
*120 While there is a presumption of constitutionality which attaches to the legislation in question, such a presumption is rebuttable (Society of Plastics Ind. v City of New York, 68 Misc 2d 366). The Court of Appeals has held that “[a]s long as *** all corporations of the same class are treated alike, the action of the legislature may not be condemned by the courts for inequality.” (New York Cent. & Hudson Riv. R.R. Co. v Williams, 199 NY 108, 123.) It is equally clear that “[t]he Legislature may not arbitrarily fix the measure of a tax by a fiction” (Matter of Vanderbilt, 281 NY 297, 314). Although the issue of whether a classification is arbitrary, unreasonable or in violation of the equal protection clauses of the United States and State Constitutions is a judicial question, the Legislature’s determination will not be disturbed if any factual situations can be reasonably conceived to sustain it. In this regard, the judiciary may not delve into the wisdom of a particular classification (Wendel v Board of Regents, 82 NYS2d 83, affd 275 App Div 661). The burden of establishing that a classification does not rest upon any reasonable basis falls squarely upon those who challenge the classification. And, as aforesaid, it is indeed a heavy burden. With particular reference to the case at bar, “[Legislation providing for classifications based upon * * * selling is constitutional except where * * * all persons so engaged are not treated alike.” (9 NY Jur, Constitutional Law, § 311.)
In applying these standards to the case at bar, this court has reviewed the legislation in question and can glean no rational basis for the creation of a total exemption for those retailers selling less than 60,000,000 gallons of petroleum, while fully taxing from “dollar one” all profits (gasoline related and otherwise) of those companies selling more than said amount. It has long been held that gross receipts taxes which treat taxpayers differently based upon sales volume are suspect. (Stewart Dry Goods Co. v Lewis, 294 US 550.) Accordingly, this court holds that the New York State Tax Law (§ 182, subd 2, par [a]) is unconstitutional to the extent that the definition of “oil company” includes those retailers with gross sales of 60,000,000 gallons or more and excludes those retailers with gross sales volume less than said amount.
*121 Having determined that the above provision of the act is invalid, this court must resolve the issue of whether said invalidity requires the abatement of the entire statute. The test is whether the Legislature would have enacted the constitutionally acceptable provisions independently from those which are unconstitutional, and if the answer be in the affirmative, the invalid portion may be deleted. “The question is in every case whether the legislature, if partial invalidity has been foreseen, would have wished the statute to be enforced with the invalid part exscinded, or rejected altogether.” (People ex rel. Alpha Portland Cement Co. v Knapp, 230 NY 48, 60.)
The Legislature had the authority to exempt all those engaged solely in the retail sale of petroleum, from the mandates of the statute. The constitutionally defective portion is the inclusion of those selling more than 60,000,000 gallons of petroleum annually. Nothing before this court would indicate that the Legislature intended the entire exemption to be dependent solely upon the inclusion of this provision, or that a declaration of its invalidity would any way affect the remainder of the statute. Accordingly, the invalid portion of the act shall be deleted so as to include, within the exemption from tax, all those engaged solely in the sale of retail petroleum.
To the extent that plaintiff seeks summary judgment on its first cause of action and dismissal of the defendants’ counterclaim, said motion shall be granted.