

# The Attorney General of Texas

October 28, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

₁₋₋0 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
P. O. Box 2243
Austin, Texas    78767

Opinion No. JM-83

Re:    Constitutionality    of
section  182.042  of  the  Tax
Code

Dear Mr. Bullock:

    You    ask    whether    section    182.042    of    the    Tax    Code    is
constitutional.   The section imposes a gross receipts tax on foreign
car  companies  on  business  done  in  this  state.    Citing  the  recent
United   States   Supreme   Court   case   of   <u>Western   and   Southern   Life
Insurance  Company  v.  State  Board  of  Equalization  of  California</u>,  451
U.S.  648  (1981),  you  assert  that  section  182.042  of  the  Tax  Code  is
unconstitutional  on  its  face  because  it  imposes  a  gross  receipts  tax
on  car  companies  residing  or  incorporated  outside  this  state  only  and
not  on  Texas  companies  engaged  in  identical  activities.    We  agree  and
conclude  that  a  court  would  declare  that  section  182.042  of  the  Tax
Code  violates  the  equal  protection  clause  of  the  fourteenth  amendment
to the United States Constitution.

    Section 182.041 of the Tax Code sets forth the following:

    §182.041.   Definitions

    In this subchapter:

        (1)   'Car company' means a person who:

            (A)   owns a stock car, refrigerator or fruit
        car of any kind, tank car of any kind, coal car
        of any kind, furniture car, common box car, or
        flat car; and

            (B)   leases or charges mileage for the use
        of the car.

        (2) 'Business'   means   the   leasing   of   or
    charging mileage for the use of the car.

Section 182.042 of the Tax Code provides the following:

§182.042.   Imposition and Rate of Tax

(a)   A  tax  is  imposed  on  each  car  company
residing or incorporated <u>outside this state</u> on the
gross receipts from business done in this state.

(b)   The tax rate is three percent of the gross
receipts.   (Emphasis added).

Sections  182.041  and  182.042  of  the  Tax  Code  are  merely  the
codification  of  an  occupation  tax  first  enacted  at  Acts  1907,
Thirtieth  Legislature,  1st  Called  Session,  at  page  479,  as  article
7062,  V.T.C.S.   Article  7062,  V.T.C.S.,  was  subsequently  repealed  and
re-enacted  as  section  11.04  of  Title  122  "Taxation"  at  Acts  1959,
Fifty-sixth  Legislature,  3rd  Called  Session,  chapter  1,  at  page  303.
The  three  enactments  are  substantially  identical;  each  imposes  the  tax
upon  foreign  car  companies  only  and  not  on  Texas  companies  engaged  in
identical  activities.    There  has  been  no  court  challenge  to  the
statute's  constitutionality;  the  issue  here,  then,  is  one  of  first
impression.

In <u>Western and Southern Life Insurance Company v. State Board of
Equalization of California</u>, 451 U.S. 648 (1981) [hereinafter <u>Western</u>],
the  United  States  Supreme  Court  upheld  the  constitutionality  of  a
California  retaliatory  insurance  tax  against  the  charge  that  it
violated  the  equal  protection  clause  of  the  fourteenth  amendment  to
the  United  States  Constitution.   The  state  of  California,  in  addition
to  imposing  a  premiums  tax  on  both  foreign  and  domestic  insurance
companies  doing  business  in  California,  also  imposed  a  retaliatory  tax
on  a  foreign  insurer  when  that  insurer's  state  of  incorporation
imposed  higher  taxes  on  California  insurers  doing  business  in  that
state  than  California  would  otherwise  impose  on  that  state's  insurers
doing  business  in  California.

A  line  of  early  Supreme  Court  cases  held  that  a  state  may  attach
essentially  any  conditions  it  chooses  upon  the  grant  of  the  privilege
to  do  business  within  that  state.   See, e.g., <u>New York v. Roberts</u>, 171
U.S. 658 (1898); <u>Horn Silver Mining Company v. New York</u>, 143 U.S. 305
(1892); <u>Pembina  Consolidated  Silver  Mining  &  Milling  Co.  v.
Pennsylvania</u>, 125 U.S. 181 (1888).  <u>Philadelphia Pine Association v.
New York</u>, 119 U.S. 110 (1886); <u>Paul v. Virginia</u>, 75 U.S. 168 (1869).
However,  this  doctrine,  first  enunciated  in  <u>Paul v. Virginia</u>, <u>supra</u>,
was  rejected  shortly  after  the  turn  of  the  century.   See, e.g.,
<u>Southern Railway Company v. Greene</u>, 216 U.S. 400 (1910); <u>Pullman
Company v. Kansas</u>, 216 U.S. 56 (1910); <u>Western Union Telegraph Company
v. Kansas</u>, 216 U.S. 1 (1910).  While  acknowledging  that  a  line  of
subsequent  cases  apparently  resurrected  the  <u>Paul v. Virginia</u> doctrine,
see, <u>Prudential Insurance Company v. Benjamin</u>, 328 U.S. 408 (1946);
<u>Lincoln National Life Insurance Company v. Read</u>, 325 U.S. 673 (1945),

the Court in <u>Western</u>, 451 U.S. 664, quoting <u>Hanover Fire Insurance Company v. Harding</u>, 272 U.S. 494, 511 (1926), declared that,

> [w]ith respect to the general tax burden on business, 'the foreign corporation stands equal, and is to be classified with domestic corporations of the same kind.'

The Court in <u>Western</u>, 451 U.S. 664-65, then restated the doctrine first set forth in <u>Frost & Frost Trucking Company v. Railroad Commission of Texas</u>, 271 U.S. 583, 593-94 (1926):

> It is not necessary to challenge the proposition that, as a general rule, the state, having power to deny a privilege altogether, may grant it upon such conditions as it sees fit to impose. But the power of the state in that respect is not unlimited; and one of the limitations is that it may not impose conditions which require the relinquishment of constitutional rights. If the state may compel the surrender of one constitutional right as a condition of its favor, it may, in like manner, compel a surrender of all. It is inconceivable that guaranties embedded in the Constitution of the United States may thus be manipulated out of existence.

The Court in <u>Western</u> imposed a traditional equal protection "rational basis" test:

> We consider it now established that, whatever the extent of a State's authority to exclude foreign corporations from doing business within its boundaries, that authority does not justify imposition of more onerous taxes or other burdens on foreign corporations than those imposed on domestic corporations, unless the discrimination between foreign and domestic corporations bears a rational relation to a legitimate state purpose.

451 U.S. at 667-68.

The test was formulated in the following way:

> In determining whether a challenged classification is rationally related to achievement of a legitimate state purpose, we must answer two questions: (1) Does the challenged legislation have a legitimate purpose?, and (2) Was it

> reasonable for the law makers to believe that use
> of the challenged classification would promote
> that purpose?

451 U.S. at 668. The Court went on to answer both questions in the affirmative. We believe, however, that a court, employing this same test in a challenge to section 182.042 of the Tax Code would not so find. We conclude that section 182.042 fails the first test.

In Western, the Court declared that the purpose of the retaliatory insurance tax was to promote the interstate business of domestic insurers by deterring other states from enacting discriminatory or excessive taxes.

> Since the amount of revenue raised by the
> retaliatory tax is relatively modest . . . and
> impetus for passage of the tax comes from the
> nationwide insurance industry, it is clear that
> the purpose is not to generate revenue at the
> expense of out-of-state insurers, but to apply
> pressure on other States to maintain low taxes on
> California insurers.

451 U.S. 669-70. The court concluded that there could be no doubt that the promotion of domestic industry by deterring barriers to interstate business is a legitimate state purpose. In this instance, however, we have discovered no indication from any source that the occupation tax at issue seeks to deter barriers to interstate commerce. In fact, we can discern no purpose for the tax other than to provide a means to regulate the entry of foreign car companies into the state and to provide a means to generate revenue for the state.

We think it significant that the tax imposed by section 182.042 only upon foreign car companies does not serve to equalize or compensate the tax burden already borne by Texas car companies. See, e.g., Southern Railway Company v. Greene, supra. For example, the franchise tax is imposed on foreign and domestic corporations alike. Tax Code, §§171.001 et seq. See Colonial Pipeline Company v. Traigle, 421 U.S. 100 (1975); Ford Motor Company v. Beauchamp, 308 U.S. 331 (1940), reh'g denied 388 U.S. 640 (1945). Indeed, none of the remaining business taxes impose a tax on only foreign corporations doing business in Texas; the taxes are imposed on foreign and domestic corporations or activities alike. See generally, Tax Code, §§151.001 through 203.001.

We conclude that section 184.042 of the Tax Code, by imposing a gross receipts tax on foreign car companies only, while not imposing a tax on Texas companies engaged in identical activities, violates the

equal protection clause of the fourteenth amendment to the United States Constitution and is unconstitutional.

S U M M A R Y

Section 184.042 of the Tax Code, which imposes a gross receipts tax on car companies residing or incorporated outside this state only and not on Texas companies engaged in identical activities, violates the equal protection clause of the fourteenth amendment to the United States Constitution and is unconstitutional.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton