Honorable Bob Bullock Comptroller of Public Accounts P. O. Box 2243 Austin, Texas 78767
Re: Constitutionality of section 182.042 of the Tax Code
Dear Mr. Bullock:
You ask whether section 182.042 of the Tax Code is constitutional. The section imposes a gross receipts tax on foreign car companies on business done in this state. Citing the recent United States Supreme Court case of Western and Southern Life Insurance Company v. State Board of Equalization of California, 451 U.S. 648 (1981), you assert that section 182.042 of the Tax Code is unconstitutional on its face because it imposes a gross receipts tax on car companies residing or incorporated outside this state only and not on Texas companies engaged in identical activities. We agree and conclude that a court would declare that section 182.042 of the Tax Code violates the equal protection clause of the fourteenth amendment to the United States Constitution.
Section 182.041 of the Tax Code sets forth the following:
§ 182.041. Definitions
In this subchapter:
(1) `Car company' means a person who:
 (A) owns a stock car, refrigerator or fruit car of any kind, tank car of any kind, coal car of any kind, furniture car, common box car, or flat car; and
(B) leases or charges mileage for the use of the car.
 (2) `Business' means the leasing of or charging mileage for the use of the car.
Section 182.042 of the Tax Code provides the following:
§ 182.042. Imposition and Rate of Tax
 (a) A tax is imposed on each car company residing or incorporated outside this state on the gross receipts from business done in this state.
 (b) The tax rate is three percent of the gross receipts. (Emphasis added).
Sections 182.041 and 182.042 of the Tax Code are merely the codification of an occupation tax first enacted at Acts 1907, Thirtieth Legislature, 1st Called Session, at page 479, as article 7062, V.T.C.S. Article 7062, V.T.C.S., was subsequently repealed and re-enacted as section 11.04 of Title 122 `Taxation' at Acts 1959, Fifty-sixth Legislature, 3rd Called Session, chapter 1, at page 303. The three enactments are substantially identical; each imposes the tax upon foreign car companies only and not on Texas companies engaged in identical activities. There has been no court challenge to the statute's constitutionality; the issue here, then, is one of first impression.
In Western and Southern Life Insurance Company v. State Board of Equalization of California, 451 U.S. 648 (1981) [hereinafter Western], the United States Supreme Court upheld the constitutionality of a California retaliatory insurance tax against the charge that it violated the equal protection clause of the fourteenth amendment to the United States Constitution. The state of California, in addition to imposing a premiums tax on both foreign and domestic insurance companies doing business in California, also imposed a retaliatory tax on a foreign insurer when that insurer's state of incorporation imposed higher taxes on California insurers doing business in that state than California would otherwise impose on that state's insurers doing business in California.
A line of early Supreme Court cases held that a state may attach essentially any conditions it chooses upon the grant of the privilege to do business within that state. See, e.g., New York v. Roberts, 171 U.S. 658 (1898); Horn Silver Mining Company v. New York, 143 U.S. 305 (1892); Pembina Consolidated Silver Mining Milling Co. v. Pennsylvania, 125 U.S. 181 (1888). Philadelphia Pine Association v. New York, 119 U.S. 110 (1886); Paul v. Virginia, 75 U.S. 168 (1869). However, this doctrine, first enunciated in Paul v. Virginia, supra, was rejected shortly after the turn of the century. See, e.g., Southern Railway Company v. Greene, 216 U.S. 400 (1910); Pullman Company v. Kansas,216 U.S. 56 (1910); Western Union Telegraph Company v. Kansas, 216 U.S. 1
(1910). While acknowledging that a line of subsequent cases apparently resurrected the Paul v. Virginia doctrine, see, Prudential Insurance Company v. Benjamin, 328 U.S. 408 (1946); Lincoln National Life Insurance Company v. Read, 325 U.S. 673
(1945), the Court in Western, 451 U.S. 664, quoting Hanover Fire Insurance Company v. Harding, 272 U.S. 494, 511 (1926), declared that,
 [w]ith respect to the general tax burden on business, `the foreign corporation stands equal, and is to be classified with domestic corporations of the same kind.'
The Court in Western, 451 U.S. 664-65, then restated the doctrine first set forth in Frost Frost Trucking Company v. Railroad Commission of Texas, 271 U.S. 583, 593-94 (1926):
 It is not necessary to challenge the proposition that, as a general rule, the state, having power to deny a privilege altogether, may grant it upon such conditions as it sees fit to impose. But the power of the state in that respect is not unlimited; and one of the limitations is that it may not impose conditions which require the relinquishment of constitutional rights. If the state may compel the surrender of one constitutional right as a condition of its favor, it may, in like manner, compel a surrender of all. It is inconceivable that guaranties embedded in the Constitution of the United States may thus be manipulated out of existence.
The Court in Western imposed a traditional equal protection `rational basis' test:
 We consider it now established that, whatever the extent of a State's authority to exclude foreign corporations from doing business within its boundaries, that authority does not justify imposition of more onerous taxes or other burdens on foreign corporations than those imposed on domestic corporations, unless the discrimination between foreign and domestic corporations bears a rational relation to a legitimate state purpose.
451 U.S. at 667-68.
The test was formulated in the following way:
 In determining whether a challenged classification is rationally related to achievement of a legitimate state purpose, we must answer two questions: (1) Does the challenged legislation have a legitimate purpose?, and (2) Was it reasonable for the law makers to believe that use of the challenged classification would promote that purpose?
451 U.S. at 668. The Court went on to answer both questions in the affirmative. We believe, however, that a court, employing this same test in a challenge to section 182.042 of the Tax Code would not so find. We conclude that section 182.042 fails the first test.
 In Western, the Court declared that the purpose of the retaliatory insurance tax was to promote the interstate business of domestic insurers by deterring other states from enacting discriminatory or excessive taxes.
 Since the amount of revenue raised by the retaliatory tax is relatively modest . . . and impetus for passage of the tax comes from the nationwide insurance industry, it is clear that the purpose is not to generate revenue at the expense of out-of-state insurers, but to apply pressure on other States to maintain low taxes on California insurers.
451 U.S. 669-70. The court concluded that there could be no doubt that the promotion of domestic industry by deterring barriers to interstate business is a legitimate state purpose. In this instance, however, we have discovered no indication from any source that the occupation tax at issue seeks to deter barriers to interstate commerce. In fact, we can discern no purpose for the tax other than to provide a means to regulate the entry of foreign car companies into the state and to provide a means to generate revenue for the state.
We think it significant that the tax imposed by section 182.042 only upon foreign car companies does not serve to equalize or compensate the tax burden already borne by Texas car companies. See, e.g., Southern Railway Company v. Greene, supra. For example, the franchise tax is imposed on foreign and domestic corporations alike. Tax Code, §§ 171.001 et seq. See Colonial Pipeline Company v. Traigle, 421 U.S. 100 (1975); Ford Motor Company v. Beauchamp, 308 U.S. 331 (1940), reh'g denied388 U.S. 640 (1945). Indeed, none of the remaining business taxes impose a tax on only foreign corporations doing business in Texas; the taxes are imposed on foreign and domestic corporations or activities alike. See generally, Tax Code, §§ 151.001 through 203.001.
We conclude that section 184.042 of the Tax Code, by imposing a gross receipts tax on foreign car companies only, while not imposing a tax on Texas companies engaged in identical activities, violates the equal protection clause of thefourteenth amendment to the United States Constitution and is unconstitutional.
 SUMMARY
Section 184.042 of the Tax Code, which imposes a gross receipts tax on car companies residing or incorporated outside this state only and not on Texas companies engaged in identical activities, violates the equal protection clause of the fourteenth amendment to the United States Constitution and is unconstitutional.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General